EMPLOYER'S INSURANCE OF
WAUSAU, A Mutual Company,
Plaintiff–Appellee,

v.

INTERNATIONAL MARINE TOWING
& Lisa Eymard, Defendants,

Tennessee Gas Pipeline Co.,
Intervenor–Appellant.

No. 88–3370.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1989.

Edgar F. Barnett, Lake Charles, La., for intervenor-appellant.

Steven K. Best, New Orleans, La., for plaintiff-appellee.

Before BROWN, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

This case revolves around the application of two insurance policies to an allision between a tug and a platform on the Outer Continental Shelf.

The M/V LISA EYMARD, a diesel powered, ocean-going tug owned by International Marine Towing (IMT), was insured by Employer's Insurance of Wausau (Wausau) under two policies, a Hull and Machinery Policy (Hull Policy) and a Protection and Indemnity Policy (P & I Policy).

On June 2, 1985, the LISA EYMARD left port towing a deck barge carrying sections of a platform. On June 4, the LISA EYMARD suffered total generator failure which resulted in a loss of steering. The tug and barge then drifted into and struck Texhoma Platform S.T. 38, which was operating for Tennessee Gas and Pipeline, Inc. (TGP). Equipment owned by both TGP and Raymond Offshore Constructors, Inc. (Raymond) was damaged in the allision.

Wausau filed this action seeking a declaratory judgment that there was no coverage under either of the policies because IMT breached the implied warranty of seaworthiness. TGP and Raymond intervened to support the claim that the insurance policies were valid.[1] The trial court below found that the P & I Policy was not applicable but that the LISA

---

1. TGP's claim for damages is being asserted in a separate suit pending in the Western District of Louisiana.

EYMARD was in breach of the implied warranty of seaworthiness and that this breach resulted in a loss of coverage under the Hull Policy. TGP, the sole appellant, does not challenge the trial court's findings in regards to the Hull Policy, but does challenge the conclusion that the P & I Policy afforded no coverage for the allision.

■ The trial court was correct. As to the Hull Policy, there was a classic breach of the warranty of seaworthiness. *See, Saskatchewan Government Insurance Office v. Spot Pack,* 242 F.2d 385 (5th Cir. 1957). The P & I Policy was subject to two explicit exclusions from coverage. The P & I Policy excluded (i) tower's liability from coverage of towage related collisions,[2] and (ii) losses covered by the Hull Policy.[3] These exclusions follow the traditional practice of assigning liabilities arising out of collision and towage to the Hull Policy with tower's liability endorsement and "[h]istorically, P & I Policies are issued to insure owners against risks outside the scope of coverage under standard hull policies." *Insurance Company of North America v. Board of Commissioners of the Port of New Orleans,* 733 F.2d 1161, 1166 (5th Cir.1984).

We intimate no decision on the application of the Louisiana Direct Action statute, LRS § 22:655, a matter expressly reserved by the trial court since it is more directly presented in TGP's Admiralty Action against M/V LISA EYMARD, owners, etc., in the Western District of Louisiana.

AFFIRMED.

---

**2.** The towage exclusion clause of the P & I Policy stated:
> For any loss, damage, expense, or claim arising out of or having relation to the towage of any other vessel or craft, whether under agreement or not, unless such towage was to assist such other vessel or craft in distress to a port or place of safety, provided, however, that this clause shall not apply to claims under this policy for loss of life or person injury to passengers and/or members of the crew of the vessel named herein rising as a result of towing.

**3.** As the following language from the P & I Policy shows, the P & I Policy only provides protection when the Hull Policy does not provide coverage.
> Notwithstanding anything to the contrary contained in this policy, no liability attaches to the assurer: for any loss, damage, or expense which would be payable under the terms of the blank form of policy on hull and machinery, etc., if the vessel were fully covered by such insurance sufficient in amount to pay such loss, damage, or expense.